| | |
|---|---|
| **ERROL CHOUEST, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4809** |
| **OFFSHORE MARINE, L.L.C., ET AL** | **SECTION: B(2)** |

### ORDER AND REASONS

Before the Court is Defendant Superior Shipyard and Fabrication's  Motion to Dismiss Third Party Complaint (Rec. Doc. No. 29).  The Motion is opposed (Rec. Doc. No. 36).  For reasons discussed during oral argument and for the following reasons, the Motion to Dismiss Third Party Complaint (Rec. Doc. No. 29) is **DENIED,** Plaintiff's Motion for Leave to file Second Amended Complaint(Rec. Doc. No. 35) is **GRANTED**, and Defendant Superior Shipyard and Fabrication's Motion to Continue Trial and Re-set Deadlines(Rec. Doc. No. 31) is **DENIED.**  Parties are directed to submit to the Court new deadlines for motions, especially cross-motions for summary judgment on the issue of status, to be set prior to the pre-trial conference by **Monday, February 1, 2010.**

### BACKGROUND

Plaintiff alleges that on November 9, 2007, he noticed wet paint on the M/V HANNAH B, a vessel owned by Offshore Marine that had been turned over to Superior for repairs.  Mr. Chouest asked his (Superior) foreman what to do, and his foreman told him to continue working.  Returning to work, Plaintiff claims he slipped

on wet pain and injured his back.  Plaintiff filed a claim under

the LHWCA against Superior and in this Court against Offshore

Marine.  Offshore Marine then added Superior as a third party

defendant.  Plaintiff has since moved to file a Second Amending

Complaint (Rec. Doc. No. 35) adding Superior as a direct

defendant.

**DISCUSSION**

### A.    Standard for FRCP 12(b)(6) Motion to Dismiss

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading

must contain a short and plain statement of the claim showing

that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949 (2009). Detailed factual allegations are not

necessary. Id. "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"  Id. citing *Bell

Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2002). A claim has

facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.  *Id.*

Legal conclusions are not entitled to an assumption of

truth. 129 S. Ct. at 1950. Determining the sufficiency of a

pleading requires a two prong analysis. See 129 S. Ct. at 1951.

First, the court must identify the allegations in the complaint

that are not entitled to the assumption of truth.  *Id.*  Next, the

2

court considers the factual allegations to "determine if they plausibly suggest an entitlement to relief." *Id*.

**B. Distinctions Between Jones Act and LHWCA**

Congress adopted the Jones Act in 1920 to provide a right to maintain actions in federal district courts to seamen who in the course of their employment suffer personal injury resulting from their employers' negligence. *See* Benedict on Admiralty vol. 1, § 175, 11-42 (7th ed., Matthew Bender 2005). Seven years later, Congress adopted the LHWCA to provide relief for land-based maritime workers who suffer such personal injuries. *Id.* at vol. 1A, § 7. LHWCA claims are filed with the deputy commissioner for the U.S. Department of Labor in the compensation district in which injuries occurred. Compensation is payable irrespective of fault as a cause for injury. 33 U.S.C. §§ 904(b), 913(a) (2000); *see also Bludworth Shipyard, Inc. v. Lira*, 700 F.2d 1046 (5th Cir.1983); *Voris v. Texas Emp. Ins. Ass'n.*, 190 F.2d 929 (5th Cir.1951).

The LHWCA expressly excludes from its coverage "a master or member of a crew of any vessel." See 33 U.S.C. § 902(3)(G) (2000). In *Swanson v. Marra Brothers, Inc*., the Supreme Court declared that "master or member of a crew" is equivalent to the term "seaman" under the Jones Act. Swanson, 328 U.S. 1, 7, 66 S.Ct. 869, 90 L.Ed. 1045 (1946). Consequently, the Jones Act and the LHWCA are "mutually exclusive compensation regimes."

3

Chandris, Inc. v. Latsis, 515 U.S. 347, 115 S.Ct. 2172, 132

L.Ed.2d 314 (1995); McDermott Int'l, Inc. v. Wilander, 498 U.S.

337, 111 S.Ct. 807, 112 L.Ed.2d 866 (1991); *Swanson*, 328 U.S. at

7, 66 S.Ct. 869; *Becker v. Tidewater*, 335 F.3d 376, 386 (5th

Cir.2003); *Nunez v. B & B Dredging, Inc*., 288 F.3d 271, 275 (5th

Cir.2002). An injured maritime worker may be entitled to

compensation under one regime or the other, but not both.

*Chandris*, 515 U.S. at 355-56, 115 S.Ct. 2172.

**C. LHWCA Jurisdiction Is Ripe For Hearing**

Defendant Superior argues that the third party complaint is

premature, and not ripe for litigation and is non-justiciable at

this time because this matter is already pending pursuant to the

Longshore and Harbor Workers Compensation Act, 33 U.S.C. sec.

901, *et seq* ("LHWCA"), in that Plaintiff, Errol Chouest has

contended and alleged that Superior is his employer for purposes

of the LHWCA and pending before the Office of Administrative Law

Judges is a hearing scheduled for April 7, 2010 on the issue of

employer/employee relationship and status.

Superior cites to 33 U.S.C. § 905(a) to stand for the

proposition that an employee may elect to claim compensation

under the LHWCA; therefore, Superior contends, plaintiff's

election is binding and prevents Superior's liability in tort.

This Court finds that 905(a) is inapplicable to the issue at bar.

Under 905(a) an injured employee may proceed under the LHWCA or

4

under tort "if any employer fails to secure payment of compensation as required by this chapter."  905(a) deals with an employer who has declined to procure insurance or otherwise failed to compensate an employee entitled to coverage under the LHWCA.  *Brown v. Forest Oil Corp,* 29 F.3d 966, 970 (5th Cir. 1994).  Superior's position, that Mr. Chouest was an independent contractor, would remove Mr. Chouest from recovery under the LHWCA completely.

In addition, Congress created a statutorily-defined scheme to allow agency expertise to adjudicate and review all claims by land-based maritime workers. See *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1208 (5th Cir.1992) (citing *Whitney Nat'l Bank in Jefferson Parish v. Bank of New Orleans & Trust Co.*, 379 U.S. 411, 420, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965)). The circuit court in *Ceres Gulf* outlined Congress's scheme under the LHWCA, stating: [LHWCA] empowers the [Labor Department's] deputy commissioner [of the district office of the division of longshore and harbor worker's compensation] to order a hearing before an ALJ [administrative law judge], § 919(c), and authorizes appeals of claim determinations to the BRB [benefits review board], § 921(b), with review of its orders in a court of appeals, § 921(c).  *See* 33 U.S.C. §§ 919, 921 (2000).  Thus, federal trial courts lack original subject-matter jurisdiction to resolve claims under the LHWCA. *Ceres Gulf v. Cooper*, 957 F.2d at

1207-08; *Watson v. Massman Constr. Co.*, 850 F.2d 219, 224 (5th Cir.1988). Employer liability is exclusively relegated to the administrative processes of the LHWCA, meaning any other liabilities of such employer to the employee are pre-empted. *See Atkinson v. Gates*, McDonald & Co., 838 F.2d 808, 809-10 (5th Cir. 1988). Under 33 U.S.C. § 905, subsections (b) and (c), an employee who falls under the LHCWA or by virtue of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333, falls under the LHCWA may bring a claim against third parties who may be liable for the negligence of a vessel. *See also* 33 U.S.C. § 933 (2000). Title 43, Section 1333 of the United States Code provides that employees conducting operations involving the outer Continental Shelf may bring a claim for compensation under the LHWCA. *See also* Longmire v. Sea Drilling Corp., 610 F.2d 1342 (5th Cir. 1980). The district court's role is limited to enforcing administrative compensation orders. See 33 U.S.C. § 921(d) (2000).

However, the Court in *Southwest Marine* found the "primary jurisdiction" argument to be unpersuasive. *Southwest Marin, Inc. V. Gizoni,* 502 U.S. 81, 90 (1991). The primary jurisdiction argument suggests that, where a maritime worker is "arguably covered" by the LHWCA, the district court should stay any Jones Act proceeding pending a final LHWCA "administrative agency" determination that the worker is, in fact, a "master or member of

6

a crew."  The Supreme Court found no indication in the LHWCA that Congress intended to preclude or stay traditional Jones Act suits in the district courts. *Southwest Marin, Inc. V. Gizoni,* 502 U.S. 81, 90 (1991).  In fact, the LHWCA anticipates that such suits could be brought.  Title 33 U.S.C. § 913(d) tolls the time to file LHWCA claims "[w]here recovery is denied to any person, in a suit brought at law or in admiralty to recover damages in respect of injury or death, on the ground that such person was an employee and the defendant was an employer within the meaning of this chapter and that such employer had secured compensation to such employee under this chapter."

The *Southwest* Court further found that an employee's receipt of benefits under the LHWCA should not preclude subsequent litigation under the Jones Act.  To the contrary, however, the Court ruled that where the evidence is sufficient to send the threshold question of seaman status to the jury, it is reversible error to permit an employer to prove that the worker accepted LHWCA benefits while awaiting trial.  *Tipton v. Socony Mobil Oil Co.*, 375 U.S. 34, 37, 84 S.Ct. 1, 3, 11 L.Ed.2d 4 (1963).  It is by now "universally accepted" that an employee who receives voluntary payments under the LHWCA without a formal award is not barred from subsequently seeking relief under the Jones Act. G. Gilmore & C. Black, Law of Admiralty 435 (2d ed. 1975); *see* 4 A. Larson, Workmen's Compensation Law § 90.51, p. 16-507 (1989)

(collecting cases); *Simms v. Valley Line Co.*, 709 F.2d 409, 412, and nn. 3 and 5 (5th Cir. 1983). This is so, because the question of coverage has never actually been litigated. *Southwest*, 502 U.S. at 91. Moreover, the LHWCA does not comprehend such a preclusive effect, as it specifically provides that any amounts paid to an employee for the same injury, disability, or death pursuant to the Jones Act shall be credited against any liability imposed by the LHWCA 33 U.S.C. § 903(e). *Id. See* Gilmore & Black, supra, at 435. Thus, Superior's claim is ripe for hearing under the foregoing precedent and analysis. Plaintiff's status can be resolved by cross motions for summary judgment unless a material factual dispute remains on the issue at the time of hearing the cross-motions.

New Orleans, Louisiana this 26th day of January, 2010.

UNITED STATES DISTRICT JUDGE